Jamie Osuna #BD0868
4A-1L-#44L
CSP/CORCORAN
P.O.BOX:3476
CORCORAN, CA 93212

**FILED**

JUN 22 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Plaintiff,

vs.

HECTOR FERREL, et al.

Defendant

Case No.: 1:26-cv-04240-EPG(PC)

MOTION; EMERGENCY MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND FOR AN ORDER COMPELLING CSP/CORCORAN PRISON TO PRODUCE CERTIFIED TRUST ACCOUNT STATMENT SO PLAINTIFF CAN COMPLY WITH (IFP) REQUIRMENTS AND RIGHTS PURSUANT TO 28.U.S.C §1915 (a),(2).

TO THE HONORABLE JUDGE, ERICA P. GROSJEAN:

Plaintiff Jamie Osuna, currently incarcerated at Corcoran state prison Respectfully moves this court for:

(1.) LEAVE TO PROCEED (IN FORMA PAUPERIS) AND THE above caption civil rights action under 28.U.S.C. §1915.

(2.) And an ORDER compelling CDCR/CORCORAN-including Trust Account Office and or litigation cordination office- TO PROVIDE PLAINTIFF WITH A CERTIFIED COPY OF HIS INMATE TRUST ACCOUNT STATMENT, covering the six (6) month period most immediately prior to the filing of this action.

I. BACKGROUND;

The plaintiff filed this complaint with the courts it did not include (IFP) Application, However this was due to corcoran state prison entities who are responsible for providing a certified true document of plaintiffs trust account statment failed to do so, upon the plaintiffs countless requests encluding following departmental policy's, and internal operation policy's, On june 4, 2026 the so ordered that the plaintiff must submit application to proceed (IFP) with 45 day deadline. However the plaintiff

[1]

cannot submit an application without the cooperation of cdcr.

(1.) Around on may 19, 2026 befor the initial filing of this complaint i sent a cdcr form GA-0022: (inmate request for interview this document is attached to this MOTION i stated " To trust account statment: "I Have to file a new civil case it does not have yet a civil case number because the (IFP) with a "Certify'd statment must be attached" im requesting an inmate certifyd statment transaction sheet ive attached trust account withdrawl authorization."

On 5/22/26 although plaintiff didi not recieve respond this day the trust account office stated "send the court documents requesting the certified statment.'

the plaintiff responded stating heres all the documents pertaing to courts/authorrization, plaintiff never recieved response, upon the plaintiffs research the plaintiff has followed all departmental policy's on  /17/26 the plaintiff sent another request explaing for initial filings we dont have to show anything for one when we inmates file a civil suite that doesnt have a case number it must be accompany'd by IFP form with certifyd statment your intefferirng with this proccess ive already sent you case papers an so on document is attached to this motion when the plaintiff stated i dont need to provide documents for intial filing plaintiff was regarding the trust account office/cdcr corcoran are not providing inmate certified trust account statment unless the courts (1.) Must assign case number, showing that the certifyd statment is bieng used for civil complaint, (2.) plaintiff/inmate must provide court orders/documents the judge requesting the certify'd statment. the plaintiff reply that means inmates can never file an initail complaint without the courts ordering a deadline and possible dissmisal as if its our fault.

[2]

On 6/4/26 i then wrote trust office again outlining how the plaintiff and the trust account office continues to go through this such as case no at that time 1:25-cv-00772-BAM (PC) were this same issue occured i believe another civil case as well were the courts ordered corcoran trust office to provide the courts with trust account statment.

after plaintiff explain this point the trust office them response with ' I HAVE PROVIDED OP 254 for you to reference. 6/9/26.

So now the trust office is implying its different now heres our OP an OP is each prisons own internal policys that corcoran uses to challeng federal court order mandates or overal cdcr policy such as department operation mannual, title 15 or matrix's so on. and to implement security messures.

the plaintiff then responded stating that i have sent copy of the court order deadline (45) day limitation or case will be dismissed & courts requesting the application. again the court documents, others documents plaintiff provided are not suffiecent for cdcr standards  at corcoran state prison the trust account office needs a court order requesting the trust account statment i acually have followed the OP that the trust office provided in there response to plaintiff ive attached those said documents attached to this motion for courts review.

the plaintiff is still continuing to comply with courts  order 45 day statuet,

II.GOOD FAITH.

(1.) plaintiff has submitted over (6) or more countless requests through internal mail proccedures and has followed all prison policy's that should have not hindered plaintiff from recieving certifyd statment.

(2.) plaintiff has repeatedly followed up with trust office and others over the course of months.

plaintiff has provided courts with some of the communications that the

[3]

trust account office responded to others they have not.

(3.) from the trust account own resonse exibit ( ) cdcr highlighted there own internal policys that states that i need to provide some court document that is 'STAMPED, however this policy does not say this the trust office is taking this out of context its talking about the certified statment must be stampted not that in order for the plaintiff to recieve an certify'd statment i must provide some sort of stampt documents.

(4.) the prison/trust office has displayd that regardless what the plaintiff does the plaintiff needs court intervension.

(5.) without cdcr cooparation plaintiff cannot apply for (IFP) or comply with court order as to plaintiff reliance on cdcr who are in possession of said requirde documents to apply for (IFP).

III. Legal authority:

Under 28.U.S.C §1915 (a), (2) a prisoner seeking IFP statis must submit 'A certified copy of a trust fund account statment... for the six month period immediately preciding the filing of the complaint...obtained from the appropiate offical of each prison at which the prisoner is or was confined this requirment cannot be waived and only cdcr officals are authorized to certify the trust account statment plaintiff has exuaghsted all internal methods to obtain the required documentation.

the trust account offices refusal to comply and its response that the plaintiff must have court documents showing there request for cerify statement statment, and then providing there local policy stating plaintiff must provided some stamped offical document that plaintiff is unable to get let alone for initail filings or current court order cdcr is choosing and is aware of its duty but is deliberately choosing not to comply despite this court order wich the plaintiff as provided them a copy in which there challenging with there local policy.

⌊4⌋

this conduct violates plaintiffs rights of access to the courts under the 1st and 14th Amendments to the U.S Constitution.

SEE:

(1.)· BOUND v. SMITH, 430 US.817(1977)

(2.)· LEWIS v. CASEY, 518 US 343 (1996)

(3.)· JOHNSON v. AVERY, 393 US 483 (1969)

Federal courts rutninely interven in such cases. See;

·HOLT v. STATE OF CALIFORNIA, No.1:21-cv-01231-DAD-EPG, 2022 WL 945941-(Ed.Cal.MAR29,2022)(granting order to compell cdcr to provide trust account statment.)

·sPENCER v. CELSO, No. 1:13/CV/01404/LJO/BAM,2014 WL 109134 (Ed.Cal.jan10

·2014 (SAME).

III. EXIBITS.

(1.) 22 form request to trust account office dated 5/19/26 As Exibit (A)

(2.) inmate withdrawl form auhtorization to pay for copie of statament As exibit (B).

(3.) another 22 form request to trust account office dated 6/4/26. As Exibit 9C).

(4.) another request to trust office dated dated in 2/17/26 but was a typ e o on plaintiffs part trust account recieved it in may responded to plaintiff 6/9/26 .  as exibit (D)

(5.) trust accounts response regarding there internal policy as exibit (E).

IIII. PRAYER FOR RELIEF.

Plaintiff jamie osuna #BD0868 respectfully Requests that this court:

(1.) Grant leave to procceed in (informa pauperis) IFP in this civil rights matter

(2.) issue an order compelling CDCR/CORCORAN to prepare and certify a

⌊5⌋

trust account statment for the past six (6) months period from time date from the initial filing.

(3.) Grant such additional relief as the court deems just and proper to preserve the plaintiffs right's to access this FORUM.

I jamie osuna declare under penalty of perjury that all is coorect and true true.

respectfully submitted;

Date executed on: 6/15/26

[6]



STATE OF CALIFORNIA
GA-0022 (Rev 2013-10)

DEPARTMENT OF CORRECTIONS & REHABILIATION

# INMATE REQUEST FOR INTERVIEW

| DATE 5/19/26 | TO ~~████████████~~ | FROM (LAST NAME) Osuna, Jamie | CDCR NUMBER BJ0868 |
|---|---|---|---|

| HOUSING 4A-1L | BED NUMBER 44 | WORK ASSIGNMENT | JOB NUMBER FROM   TO |
|---|---|---|---|

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | ASSIGNMENT HOURS FROM   TO |
|---|---|---|

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I Have To File A New Civil Case It (Does Not Have Yet A Civil Case Number) Because The (IFP) With A "Certify'd Statment Must Be Attached" Im Requesting A. Inmate' Certifyd Statment Transaction Sheet Ive Attached, Trust Account Withdrawl Authorization".

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY Mzulez

DISPOSITION Send the court documents requesting the certified statement.

DATE 5/22/26

STATE OF CALIFORNIA
COC·0193 (1/88)

DEPARTMENT OF CORRECTIONS

# TRUST ACCOUNT WITHDRAWAL ORDER

Date 5/19/ 20 26

To:   Warden

Approved ----------------------------------

I hereby request that my Trust Account be charged $................for the purpose stated below and authorize
the withdrawal of that sum from my account:

B40868
**NUMBER**

NAME (Signature please.  DO NOT PRINT)

State below the PURPOSE for which withdrawal is requested
(do not use this form for Canteen or Hobby purchase).

PRINT PLAINLY BELOW  name and address of Person
to whom check is to be mailed.

**PURPOSE**

Of Withdrawl For An Inmate
Certify Inmate Trust Account Statment
For A New Civil Case I Need To
File For The Amount Of The
Certifyd Statment Transaction "
Copies

NAME................................................

ADDRESS..........................................

.............................................................

.............................................................

PRINT YOUR FULL NAME HERE

Jamie Osuna

EXIBIT (B)

EXIBIT (C)

[9]

STATE OF CALIFORNIA
GA-22 (Rev. 2013-10)

DEPARTMENT OF CORRECTIONS & REHABILIATION

# INMATE REQUEST FOR INTERVIEW

| DATE 6/4/26 | TO TRUST ACCOUNT OFFICE | FROM (LAST NAME) osuna | CDCR NUMBER BD0868 |
|---|---|---|---|

| HOUSING 4A-K -1L | BED NUMBER 44 | WORK ASSIGNMENT | JOB NUMBER FROM    TO |
|---|---|---|---|

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | ASSIGNMENT HOURS FROM    TO |
|---|---|---|

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

im responding to your response the way policy/federal courts work is when we file an initail complaint we dont need a court order or deadline yopu were given proper information last

time your offie did this then you literally lied to the courts claiming you misunderstood me so on i have a 22 form with same request a long time ago & your office provided it xæk dont you think im repeating the same as last time i was given form i filed 3 or 4 motions in prev ious civil cases from your office refusing to hand over  inmate cerify'd statment & every time you never make the argument " O OSUNA FAILED TO PROVIDE CURT. DOCUMENTATION" ill provide the courts your response agian and get a court order  again but i need trust account statment no

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY

DATE

DISPOSITION

[10]

EXIBIT (D)

STATE OF CALIFORNIA
GA-0022 (Rev 2013-10)

DEPARTMENT OF CORRECTIONS & REHABILIATION

# INMATE REQUEST FOR INTERVIEW

| DATE 2/17/26 | TO ▓▓▓▓▓▓▓▓ | FROM (LAST NAME) OSUNA, JAMIE | CDCR NUMBER BD0868 |
|---|---|---|---|

| HOUSING 4A-1L-#44L | BED NUMBER #44 ▓▓▓▓▓▓ | WORK ASSIGNMENT | JOB NUMBER FROM          TO |
|---|---|---|---|

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS FROM          TO |
|---|---|

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

i dont have to show you anything for one when we inmates file a cicvil suite that

doesnt have a case number it must be accompanyd by the IFP form with certify'd

statement your inteffering with this proccess ix ive already sent you case papers

plusu iojm im filing another intitial civil suite your claiming i must somehow

give you papers from the court that dont exist

**Do NOT write below this line. If more space is required, write on back.**

INTERVIEWED BY _Brizzley_

DISPOSITION I have provided OP 254 for you to reference

DATE 6/09/26

Chronos, from each yard. The Loss of Privilege Report is generated by the Captain's Office representing each yard.

D.    Types of Trust Account Withdrawals

Refer to guidelines in CCR, Title 15, Article 9, Sections 3190 and 3191.

1.    Account Certification (In Forma Pauperis) — Court Filing Fees (Prison Litigation Reform Act of 1995). The certification request comes to the Accounting/Trust Office and must be accompanied with the Application to Proceed in Forma Pauperis or Request for Fee Waiver for copies of the prior six months account history. A copy must be officially stamped and signed by the Accounting/Trust Office Staff as a certified copy of the original account history. This must be done before they can be forwarded to the Litigation Office. (See Court Ordered Filing Fees #4 below).

2.    Attorney Fees — CCIs may approve withdraws to pay attorney fees even if an Incarcerated person is assessed Loss of Privileges.

3.    Court Ordered Filing Fees (Account Certification) — Trust Account Withdrawal Orders are not required for court ordered filing fees. They are processed per Court Order and the payments are deducted for each court filing from the Incarcerated person's Trust Account. The instructions will be written within the court order for initial and partial payments. Twenty percent of any income (payroll, incoming funds, modification order monies, insurance company settlements, and payments from inheritance, etc.) will be deducted from an Incarcerated person's account for each court order.

4.    Damage/Destruction of State Property Charges — The Trust Account Withdrawal Order for damage to State property must be signed by the Incarcerated person and approved by the Disciplinary Hearing Officer or the chairperson of the Disciplinary Committee. These charges are assessed for damages and are payable to the State. These charges will follow the Incarcerated person from one institution to the next and are also valid upon re-incarceration. Senior Hearing Officers (SHO) and Hearing Officers (HO) shall have the Incarcerated person sign a Trust Account Withdrawal Order when the disciplinary disposition requires reimbursement. The SHO/HO shall ensure a final copy of Rules Violation Report (RVR) or CDCR 128-A, Custodial Counseling Chrono is attached to the Trust Account Withdrawal Order when forwarded to the Trust Office.

a.    This task is not to be delegated to the CCI. Trust account balances are not relevant to the disciplinary process. The CCI shall not be required